UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| RICHARD N. NWABUISI,               } | |
|                                   } | |
|     Petitioner,                   } | |
|                                   } | |
| v.                                } | Case No.:  4:14-cv-01177-MHH-HGD |
|                                   } | |
| ERIC H. HOLDER, Attorney          } | |
| General of the United States, et al., } | |
|                                   } | |
|     Respondents.                    | |

# MEMORANDUM OPINION

Richard N. Nwabuisi has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He asks the Court to release him under supervision pending his deportation to Nigeria.  The magistrate judge has recommended that the Court deny Mr. Nwabuisi's petition.  (Doc. 10).  Mr. Nwabuisi has objected to the recommendation.  (Docs. 11, 13).  For the reasons stated below, the Court adopts in part the magistrate judge's report, accepts his recommendation, and denies Mr. Nwabuisi's petition for writ of habeas corpus.

## I.   STANDARD OF REVIEW

The Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This means the Court must "give fresh

1

consideration to those issues to which specific objection has been made." *Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163). The portions of the report and recommendation to which the petitioner has not objected are reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). The Court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.  DISCUSSION

Mr. Nwabuisi objects to three points in the magistrate judge's report. First, he asserts that he was not convicted of a crime in Frederick, Maryland on March 12, 1997. Next, he argues that he was not informed of a telephone interview with the Nigerian Consulate on September 13, 2013. Lastly, he contends that his signature was forged on the Emergency Travel Certificate issued by the Nigerian Consulate. (Doc. 13, ¶¶ 1–4). The Court addresses these objections in turn.

### A.  The Alleged Conviction of March 12, 1997.

Mr. Nwabuisi first objects to lines 12–16 of page 2 of the magistrate judge's report, which state that Mr. Nwabuisi was convicted of a credit card offense in Frederick, Maryland on March 12, 1997. (Doc. 13, ¶ 1). Respondents, in their August 15, 2014 notice, state that ICE Assistant Field Office Director Gerald

Smith "is unable to confirm the conviction." (Doc. 12, p. 2). Respondents further state that "[b]ecause Petitioner contests this conviction and ICE cannot substantiate it, ICE has removed the reference from the Amended Declaration" of ICE director Smith. (*Id.*; *see also* Doc. 12-1).

Because ICE is unable to substantiate the alleged March 12, 1997 conviction, the Court **declines to adopt** page 2, lines 12–16 of the magistrate judge's report. The Department of Homeland Security removal order does not reference the 1997 conviction. The order is based upon two convictions in New York on May 26, 2010. (Doc. 11, p. 25).[1] Therefore, the removal of the 1997 conviction from the report does not alter the magistrate judge's legal analysis.

### B.     The September 13, 2013 Telephone Interview.

Mr. Nwabuisi objects to the statement at the bottom of page 3 of the report that Mr. Nwabuisi was informed that the interviewer from the Nigerian Embassy was ready to speak with him on September 13, 2013. (Doc. 13, ¶ 2). Mr. Nwabuisi contends that although ICE agent David Talbott sent a message requesting his attention on September 13, 2013, Mr. Nwabuisi did not know why agent Talbott requested his attention. (*Id.*). Mr. Nwabuisi asserts that on September 13, 2014, a corrections officer merely informed him "that ICE want[ed]

---

[1] The Court offers no view as to whether the remaining convictions qualify as crimes involving moral turpitude not arising out of a single scheme of criminal misconduct because the Court does not have jurisdiction to review the removal order. *See* 8 U.S.C. § 1252(a)(2)(C).

his presence at their office." (Doc. 9, p. 3). In response, Mr. Nwabuisi "informed the officer that he needed some time to get himself together, as he had just woken up and felt a bit tired and under the weather." (*Id.*).

In support of the proposition that Mr. Nwabuisi did not know about the telephone interview, he points to correspondence between agent Talbott and deportation officer William Shockley which appears in the record as Exhibit D to the habeas petition. (Doc. 13, ¶ 2; *see* Doc. 1, p. 112). This letter states that the officers "attempt[ed] to facilitate a telephone interview between [Mr. Nwabuisi] and his consulate in Washington DC," and that "[Mr. Nwabuisi] was aware of the purpose of the interview because he was in the office the previous day for the same interview, which ended up being postponed." (Doc. 1, p. 112). The letter goes on to state that a corrections officer "called [Mr. Nwabuisi] from his cell block to bring him to [the ICE office]" but Mr. Nwabuisi refused to come with the officer. (*Id.*).

On the record before the Court, it is not clear whether Mr. Nwabuisi was specifically informed on September 13, 2014 that the interviewer for the Nigerian Consulate was ready to speak to him. Therefore, the Court **declines to adopt** the portion of footnote 4 in the report which states, "he was informed that the interviewer was ready to talk to him." In the absence of this evidence, there still is

ample evidence that Mr. Nwabuisi knew why he was called to the ICE office on September 13, 2013.  Consequently, this revision of the report does not undermine the magistrate judge's conclusion that Mr. Nwabuisi refused to interview with the Embassy of Nigeria on September 13. 2013.

### C. The Allegedly Forged Signature on the Emergency Travel Certificate

In Mr. Nwabuisi's final objection to the report, he submits that the signature that appears on the Emergency Travel Certificate was forged.  (Doc. 13, ¶¶ 3–4).  The magistrate judge noted that there is no evidence to support Mr. Nwabuisi's forgery allegation.  The magistrate judge also pointed out that Mr. Nwabuisi did not mention the purported forgery in his letter to the Nigerian Consulate regarding the travel document.  (Doc. 10, pp. 6, 9–10).

Regardless of whether Mr. Nwabuisi's signature on the travel document is a forgery, Mr. Nwabuisi fails to state a claim for relief under *Zadvydas* because he has not "provide[d] evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (citing to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).[2]  Nigeria has issued a travel document for Mr. Nwabuisi in the past.[3]

---

[2] The Court acknowledges that there are procedural inaccuracies in the Emergency Travel Certificate.  For example, the emergency certificate, which is signed by a Mr. Balogun on behalf of the Embassy of Nigeria, states: "This is to certify that Mr. Nwabuisi Richard has stated to me that [he] is a citizen of Nigeria and that I have no reason to doubt [his] statement." (Doc. 1, p. 125).  It is unclear how Mr. Balogun could sign such a statement if, as maintained by

5

There is no reason to believe that Nigeria will refuse to issue a travel document for Mr. Nwabuisi in the future, and ICE is making efforts toward the reissuance of the expired travel document.  (Doc. 12-1, ¶¶ 16, 17).

Mr. Nwabuisi has failed to establish that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  Consequently, he is not entitled to habeas relief.  Should Mr. Nwabuisi's detention continue, and should the delay in removal not be his fault, he may seek habeas relief pursuant to 28 U.S.C. § 2241.

## IV.  CONCLUSION

For the foregoing reasons, the Court adopts in part the magistrate judge's report, and accepts his recommendation.  The Court denies Mr. Nwabuisi's habeas petition without prejudice.

**DONE** and **ORDERED** this October 28, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

respondents, Mr. Nwabuisi has not interviewed with any representative of the Nigerian government. (Doc. 5, pp. 3–4).  Mr. Nwabuisi also points out that the travel certificate states that the journey will be on a direct Delta Airlines flight to Lagos, Nigeria, but ICE agents took him to Arik Airline on two occasions. (Doc. 1, p. 123; Doc. 5, p. 7).  Like the allegation of forgery, neither of these procedural deficiencies overcomes Mr. Nwabuisi's failure to establish that there is no significant likelihood that he will be removed in the reasonably foreseeable future.

[3] The report states that "Nigeria has issued travel *documents* for petitioner in the past."  (Doc. 10, p. 9) (emphasis added).  To date, Nigeria has issued only one travel document for Mr. Nwabuisi. (Doc. 12, p. 2).